ORIGINAL

**FILED**

AUG - 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS, #13327-086          :      Case #
F.C.I. NATUNA
    Petitioner, POB 3000          :      CASE NUMBER  1:06CV01390
    ANTHONY, N.H.88021
v.                                    :      JUDGE: Emmet G. Sullivan

UNITED STATES PAROLE COMMISSION       :      DECK TYPE: Habeas Corpus/2255

    Respondent.                       :      DATE STAMP: 08/▉/2006

---

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 USC §2241 (c)(1)(3)**

---

This Petition for Writ of Habeas Corpus relief pursuant

to 28 USC §2241(c)(1) arises from the petitioner being kept

in custody of the United States Parole Commission ("Commission")

under color of the authority of the United States federal statutes

not applicable to or enforceable against the petitioner and

§2241(c)(3) for "violations of the Constitution or laws or treaties

of the United States".as is briefed in the attached **"APPEAL"**.

**I.  STANDARD OF REVIEW**

Pursuant to the Supreme Court in **McNutt v. G.M. Acceptance**

298 US 178:

> "When subject matter jurisdiction is lacking, the court
> (the Commission which has usurped the judicial power of
> court), must dismiss an action on its own."  And, if there
> is a dispute, the (Commission) "bears the burden" to establish
> that Jurisdiction.

> In **Schlangerhauf v. Holder** 379 US 811 citing **Bankers Life**

**v. Holland** 346 @ 383, the Supreme Court mandated that when Jurisdiction

is even "questionable", the Commission, in this case, must prove

that there was not "an usurpation of judicial power or a clear

"abuse of discretion".

1



# APPEAL

**U.S. Department of Justice**
**United States Parole Commission**

Name   Gerald L. Rogers

Register No.   12327-086 _____   Institution   FCI La Tuna Prison _____

I received a Notice of Action dated   June 12, 2006 _____   and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

_____   June 21, 2006
*(Signature)*                              RECEIVED        *(Date)*
                              JUN 2 7 2006

**INSTRUCTIONS:**

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (e.g., in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

## SUMMARY OF GROUNDS FOR APPEAL

**Instructions:** Briefly describe the error which you believe to have occurred, or the specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

**Ground One:** The Commission under its statutorial authority, Title 18 USC §4201 et seq., lacks either authority and/or jurisdiction to maintain or order additional incarceration of Rogers.

**Ground Two:** The Commission's May 25 2006 Hearing violated the due process standards established by the Supreme Court in Morrissey v. Brewer 33 L Ed 2d 484, 499.

**Ground Three:** _____

**Ground Four:** _____

**Note:** You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page.

## STATEMENT OF FACTS AND REASONS IN SUPPORT OF EACH GROUND FOR APPEAL

**Instructions:** Please present your grounds for appeal in the order in which they appear in your summary. For each ground of appeal, use the following format, first stating the facts that are relevant to deciding the ground you have identified, and then the reasons why you believe the Commission erred and/or should make a different decision. Use continuation pages in the same format.

**Ground One:** (Circle the applicable ground for appeal from Page 1:  a   b   c   d   e   f  (g)).

**Facts:**      See Attached "STATEMENT OF FACTS AND LEGAL REASONS....."

starting on Page 1.

**Reasons:**

**Ground Two:** (Circle the applicable ground for appeal from Page 1:  a   b   c   d   e   f  (g)).

**Facts:**      See Attached "STATEMENT OF FACTS AND LEGAL REASONS..."

starting on Page 18.

**Reasons:**

## TABLE OF AUTHORITIES

Page

Adams v. United States 87 L Ed 1421                           5, 16
Bankers Life v. Holland 346 US 383                            9
Buckly v. Valeo 424 US 1 (1967)                               13
Christianson v. Colt Inds. 100 L Ed 2d 811 (1988)            9, 10
Fourco Glass v. Transmirra 353 US 222, 227                   10
FW/DBS v. Dallas 493 US 215, 231                             15
In Valley v. Northern Fire 254 US 348 (1920)                 8
Kokkonen v. Guardian Life 511 US 375, 377                    7
Morrissey v. Brewer 33 L Ed 2d 484, 499                      6, 9
Morrison v. United States 146 L Ed 2d 658, 676               14
SEC v. Rogers 790 F 2d 1450 (9th C.)                         7
Sheldon v. Sill 8 How 441, 449                               9
Tafova v. U.S. Department of JUstice 748 F 2d 1389           5
United States v. Burch 169 F 3d 668, 671 (10 C.)            7
United States v. Freeman 761 F 2d 549 (9th C.)              1
United States v. Hall 98 US 343, (1878)                     11
United States v. McBratney 26 L Ed 869 (1851)              7
Walz v. Tax Commission of NY 493 US 343                     17
Willy v Coastal Corp 117 L Ed 2d 280, 288                   8

## INDEX - SUMMARY

**GROUND ONE** - Lack of Statutorial Authority/Jurisdiction

Page
1

The Commission obtains its authority to administer parole conditions to sentences of parties in the custody of the Attorney General pursuant to Title 18 USC §4210 - "Jurisdiction". However, the controlling statute for the geographical area from where the sentences are derived is 18 USC §5, defining the United States "as used in this title (18) in a territorial sense". This definition of the United States "in a territorial sense" is further corroborated by the definition state in FCrRP Rule 1(b)(9) "State" "includes the District of Columbia, and any commonwealth, territory or possession of the United States - which specifically does not mention or intends to include any "state of the United States".

Title 18 USC §7 then qualifies "Territorial Jurisdiction" in the referenced federal "states" in Rule 1(b)(9) for violations of United States law which pursuant to FCrRP Rule 54(c) "Act of Congress" "includes any act of Congress locally applicable to and in force in the District Columbia, Puerto Rico, in a territory or insular possession", or the same geographical areas as defined by Rule 1(b)(9) - clarifying any question as to the definition of the "United States" is as defined by 18 USC §5.

Here, because the "Act(s) of Congress" for which Rogers is alleged to have violated occurred in the states of California and Colorado, none having been alleged to have occurred in a federal state, the same Title 18 USC §5 and §7 controlling statutes together with Rule 1(b)(9) that limits adjudication jurisdiction of 18 USC §3231 for the subject United States District Courts, they **also limits** the Commission's authority over Rogers' sentence.

Therefore, due to Title 18 USC §§5 and 7 limiting the jurisdiction for the United States District Courts of the Central District of California and District of Colorado to the federal "states", they "lacked subject matter jurisdiction" to both convict and sentence Rogers to a Federal Prison. Accordingly, because the Courts orders were "void" ab initio, the statutorial authority for the Commission to administer Rogers' parole conditions were also void from their inception.

## GROUND TWO - Due Process Violation

18

Here, the Commission violated one of the most fundamental principles of the Constitution's Fifth Amendment Right to Due Process of Law. In an act of Corruption to cover-up for its colleagues in government who were responsible for the losses incurred by Rogers business, for which he is now sentenced to a new term of incarceration of 10 years, in the face of Rogers naming those government colleagues as exculpatory witnesses, the Commission dismissed them, sua sponte, without explanation.

This act of corruption rises to the level of opprobrium, that it constitutes a civil rights criminal act.

**STATEMENT OF FACTS AND LEGAL REASONS IN SUPPORT OF EACH GROUND**
**CONTINUED**

This appeal is being filed by Gerald L. Rogers 12327-086 ("Rogers") under the standards setforth by Title 28 USC §2241 for a petition for habeas relief as a result of the United States Parole Commission ("Commission") violating the Constitution, laws and treaties of the United States.

**GROUND ONE**

**The Commission under its statutorial authority, Title 18 USC §4201 et seq., lacks either authority and/or jurisdiction to maintain or order additional incarceration of Rogers.**

**I.  Background Facts**

1.  Rogers was tried and convicted under color of law in a non-judicial proceeding by the United States District Courts of the Central District of California and District of Colorado.

2.  The resulting sentences for his alleged tax and attendant securities violations of United States law, even though he was never "found guilty" pursuant to 18 USC §3673, were for a total of 35 years.

3.  In Los Angeles, a 10 year sentence was imposed for advising his clients how to defer their federal income tax to a later year - a non-existant federal tax crime as was decided by the Ninth Circuit Court of Appeals in **United States v. Freeman** 761 F 2d 549 (9th C. 1985), but the Court denied Rogers that equal protection of law.

4.  In Denver, in U.S. v. Rogers 84-CR-337, for which the sentence of 25 years that Rogers is still serving, the government brought a double jeopardy prosecution to **SEC v. Rogers** 790 F 2d 1450 (9th C. 1985), coupled with counts for a Canadian mining

1.

business in which Rogers was not a participant.

5. Utilizing the under color of law judgments and commitment order for an aggregate sentence of 35 years, after 10 years and 11 months, on December 1, 2000, Rogers was granted parole.

6. In May of 2003, pursuant to a complaint by Rogers' ex-business associate, Wayne Holm, the Denver AUSA Thomas O'Rourke prevailed on the Commission to revoke Rogers parole due to his suit against Holm for his theft of $550,000 from Rogers some years before.

7. On February 25, 2005, just prior to the Commission issuing a warrant for Rogers arrest for his being a signature on his own business bank account, a memo written by the Commission's Michael Banks to the Commission evidences that he and Jeffrey Norris of the Securities and Exchange Commission were engaged in a conspiracy with Rogers' AEA Bank to thwart the orderly operation of Rogers two companies, Premium Income Corp and InForex Ltd.

8. The Commission/SEC's conspiracy is evidenced to have expanded to the Federal Bureau of Investigation, when the conspirators prevailed on FBI Special Agent Joseph Quinn to unlawfully intercept Rogers' mail - which the evidence shows that Quinn intercepted a letter of instructions written by Rogers to William Hofius as to how to close-out the subject companies' open currency positions. Upon the conspirators learning of the instructions, the Commission's Mr. Banks and SEC's Mr. Norris prevailed on FBI's Quinn to conceal those instructions, which thereafter resulted in a $5,000,000 loss to Rogers' Premium Income Corp Clients.

9. Without a complaint from Rogers' clients, the Commission then based its reason for a "re-hearing" pursuant to a SEC law suit, CV 03-05-415-B as filed in the Dallas Northern District

2.

Court of the United States, which has, to date, has made no findings of fraud and/or other misconduct of Rogers. (The irony of the Commission adopting the false SEC allegations is that the suit was drafted by the SEC's Norris, who was directly involved in causing the $5,000,000 financial loss to Rogers' clients - not to mention that the evidence now shows that the same SEC NOrris is also involved in looting approximately $1,000,000 of the remaining clients' funds together with the Court's appointed receiver, Kelly Crawford.)

## II. JURISDICTION FACTS

1.    The jurisdiction for all violations of United States law is granted pursuant to 18 USC §3231 for "district courts of the United States" - constitutional Article III §2 courts which provides jurisdiction for all "controversies to which the United States shall be a party".

2.    The United States District Court for the Central District of California, is not an Article III Constitutional Court, but is a Congressional Court created by public law when California territory became a state - which therein, obtained its statutorial authority for jurisdiction from the Judiciary Act of 1789, Statute I, §9, see Exhibit 1.

3.    Neither is the District of Colorado court an Article III Constitutional court, but got its authority and jurisdiction from the Judiciary Act of 1789 as in fact, as did the federal courts that  are  still located in the original 13 colony states.

4.    In addition to Title 18, criminal violations , Title 15 and 26 are also justiciable pursuant to the "District Courts" 18 USC §3231 jurisdiction statute.

5.    However, the jurisdcition for the District Courts under

3.

§3231 jurisdiction, is further qualified by Title 18 USC §5 with the definition of "United States" as used in this title (18) (being) in a territorial sense... subject to the jurisdiction of the United States".

6.   Pursuant to 18 USC §7 "....Territorial Jurisdiction of the United States as used in this title (18) **includes** (1) high seas....." and other properties of the United States described therein, but none of the states of the Union.

7.   Pursuant to 18 USC §3001, Federal Criminal Rules of Procedures (FCrRP) as promulgated, by definition of "State" in Rule 1(b)(9), it corroborates that the "United States in a territorial sense" pursuant to §5, "includes District of Columbia, and any commonwealth, territory or possession of the United States", not any state of the United States, namely either California or Colorado.

8.   The Acts of Congress that are justiciable in the federal "states" defined in Rule 1(b)(9) for jurisdiction in the territories and properties described in 18 USC §7 are also in accord with the violations of laws as applicable pursuant to Rule 54(c). (Rule 54(c) "Application of Terms" for "Act of Congress is designated to mean -

> "Act of Congress" includes any act of Congress (Titles 15, 18 or 26) locally applicable to and in force in District of Columbia, Puerto Rico, in a territory or in an insular possession" - again, with no mention of being applicable to any law in a state of the Union.

(See 18 USC §513 proscribing the constitutional crime of counterfeiting "(5) the term "state" includes a State of the United States, District of Columbia......" Thus, when Congress promulgated statutes proscribing crimes as authorized by the Constitution, the statute so states that it pertains also to a state in the Union.)

9.   The United States (in a territorial sense) Parole Commission

4.

obtains its statutorial authority pursuant to 18 USC §4201 et
seq., but just as the jurisdiction for the district court of
the United States are limited and qualified by 18 USC §§5 and
7 , so are the Commission's authority and jurisdiction limited
to parolees who were sentenced in a federal state as defined
in FCrRP Rule 1(b)(9), not a parolee in any state of the United
States, except for a constitutionally authorized crime.

10.   Pursuant to Title 18 USC §3673, for Rogers to have
been "found guilty" and thereafter for his sentence to have been
authorized pursuant to §3551, there must have been an "acceptance
by a court of a plea of guilty or nolo-contendere - but none
exists in the record.

11.   Under the standards established by the Supreme Court
in **Adams v. United States** 87 LED 1421, jurisdiction for the Commission
to adjudicate its self-generated complaint of fraud that they
allege to have occurred, among other states and Texas, the Commission
had to:

> 1) Show that the United States had ownership of the geographical
> area in which the alleged fraud occurred;
>
> 2) document that the legislature of the involved states
> had surrendered back to the United States their jurisdiction
> granted to them at statehood over the subject areas; and,
>
> 3) document that pursuant to Title 40 USC §255, wherein
> the United States accepted jurisdiction to the same referenced
> geographical areas.

### III.   JURISDICTION LAW APPLIED

In the year that Rogers was indicted, 1984, the Tenth Circuit
Court of Appeals, the controlling Court over the District of
Colorado Court and "the-law-of-case" mandated in **Tafova v. United
States Department of Justice** 748 F 2d 1389 (10 C 1984):

> "Insofar as subject matter jurisdiction is concerned....
> federal   courts must....satisfy itself of its power to

5.

adjudicate in every case at every stage of the proceeding of the parties."

However, here instead of verifying its statutory authority over Rogers' sentence and impose a new 10 year term for his imprisonment, the Commission usurped the authority of Congress and prescribed a non-descript self styled crime of fraud. Then without a complaining party, contemporaneously prosecuted and adjudged Rogers to be guilty - all without an iota of evidence proving intent - the requisite of every Congress promulgated statute involving fraud.

As will be proven here, from the inception of Rogers' sentences, the Commission lacked statutorial authority for jurisdiction over his sentences under the Commission's Jurisdiction Statute, §4210.  Furthermore, in the pejorative, it will be evidenced that the Commission has engaged in acts of corruption as are defined by the **Inter-American Convention Against Corruption Article VI** to unlawfully maintain administrative control over Rogers' sentence.

**1.  When the Commission adopted the tri-position as complainant, prosecutor and trier of fact and imposed a new term of incarceration of Rogers as if he were legally tried by a court of law, under the due process of law mandate in Morrissey v. Brewer 33 L Ed 2d 484, 499, the Commission had the same legal responsibility to verify its subject matter jurisdiction and/or statutorial authority as did the prior adjudicating District Courts in Rogers' Cases.**

Before the Commission paroled Rogers on December 1, 2000, it knew or should have known that his sentence was flawed by the law of his case that the adjudicating Court lacked subject matter jurisdiction.  The Tenth Circuit, from where Rogers sentence

6.

originates, in a 1999 case reversing a federal conviction for

the same "on point" legal issue, the federal courts "lack subject

matter jurisdiction" over crimes committed in the state of Colorado,

in **United States v. Burch** 169 F 3d 668, 671 (10th C. 1999) citing

the Supreme Court in **United States v. McBratney** 26 L Ed 869 (1881),

it was found:

> "Here, Colorado's admission into the Union invested its
> criminal jurisdiction over its citizens 'throughout the
> whole of the territory within limits, including the Ute
> Reservation."

And, unquestionably, the same transfer of criminal jurisdiction

occurred in California and Texas as occurred in Colorado when

they became states - and unless otherwise specified, all the

states have gotten their jurisdiction from the Judiciary Act

of 1789, Statute I, §9.

Therefore, because the Commission's parent, Department

of Justice opposed the **Burch** supra jurisdiction issue through

its U.S. Attorneys Office in Denver, and lost in 1999, just months

before the Commission granted Rogers' parole in December of 2000,

the Commission knew or should have known that it was a matter

of **stare decisis** its jurisdiction over Rogers' sentence was without

statutory authority.

Furthermore, subsequent to **Burch id.**, the Commission must

have known that without the District Court having jurisdiction,

Rogers' conviction and sentence, thus resulted merely from an

unenforceable "judicial decree" as was found in **Kokkonen v. Guardian**

**Life Ins.** 511 US 375, 377 -

> "Federal courts, as courts of limited jurisdiction, possess
> only such authority as is conferred to them by the
> Constitution and acts of Congress and this authority cannot
> be expanded by judicial decree."

However, in the face of Rogers' sentence being by judicial

decree and most recently in the face of Rogers repeated notices

challenging the Commission's jurisdiction both to his "Case Analyst"

Mary Jo Williams and the May 25, 2006 Hearing Officer, Pat Denton,

on the hearing record, with deliberate indifference, the Commission

has not only proceeded to supercede jurisdiction authority intended

by Congress pursuant to 18 USC §4210, but superceded its limitations

that result from 18 USC §5's definition of "United States" and

the "Territorial Jurisdiction" stated in §7.

It has also been long standing Supreme Court law that when

a Court, in this case, the Commission, supercedes its jurisdiction,

its judgments are void, **ab initio.**  The Supreme Court in **In Valley**

**v. Northern Fire and Marine** 254 US 348 (1920) ruled:

> "When a court reaches beyond its statutory grant of subject
> matter jurisdiction, its judgment is void....they are not
> voidable, but simply void and that is even prior to reversal."
> Also see **Stoll v. Gotlief** 305 US 165, 171-172.

Therefore, because the District of Colorado Court was a

Congressional Court created under the Judiciary Act of 1789,

as found by the Supreme Court in **Willy v. Coastal Corp** 117 LEd

2d 280, 288, when the defendant was tried without either constitutional

or statutory jurisdiction, it was nothing more than an "administrative

(hearing) of a nonjudicial nature" - which in this case, was

to accommodate the government's abuse of power.

Here, with the Commission lacking authority over Rogers'

sentence from its inception and now charging and convicting him

for a new crime together with the intent to keep him unlawfully

incarcerated for 10 years in absolute absence of statutorial

authority pursuant to 18 USC §5 as to how it limits the Commission

to sentences that are only derived from judgments from the courts

in the federal states defined by FCrRP Rule 1(b)(9) is clearly erroneous.

8.

Furthermore, when jurisdiction is even questionable, the government (Commission) must prove that there is not "an usurpation of judicial power. (See **Bankers Life v. Holland** 346 US @ 383.)

Here, with the Commission usurping the power of Congress with the promulgation of a nondescript fraud then acting in three capacities, complainant, prosecutor and trier of fact, after Rogers challenged the Commission's statutory authority, thus jurisdiction to conduct a "rehearing", by law, pursuant to the due process mandate in **Morrissey v. Brewer** supra, the Commission was obligated to prove that its authority over Rogers was valid - but they did not.

Also in **Christianson** supra @ 831, citing controlling Supreme Court case law on jurisdiction, still in good standing 150 years after the Courts decision, in **Sheldon v. Sill** 8 How 441, 449, 12 L Ed 147 (1850)

> "Courts (as this Commission was), created by statute can have no jurisdiction but such as the statute confers".

Thus, conclusively, with the Commission acting in the capacity of a court to convict Rogers of new criminal conduct and then sentence him with an order for a term of incarceration of 10 years, its statutorial authority for that jurisdiction under §4201 et seq., by law must also be subject to be proven as required by the Supreme Court in **Bankers Life** supra.  The Commission's jurisdiction statute §4210, simply does not stand alone - when Rogers brought to the Commission's attention that its jurisdiction was limited pursuant to §5 "United States" defined as used in the title (18) in a territorial sense..." to the federal state conviction sentences, it should have taken steps to prove its authority, instead of proceeding to convict Rogers of a new

9.

crime by "decree" - no matter whether what kind of a tribunal it is.

Therefore, clearly pursuant to §5 as it applies to all of Title 18 statutes, the Commission lacked statutory authority to adjudicate a "clearly erroneous" conviction that "works a manifest injustice" (**Christianson** 100 LEd 2d 811as occurred here.

Accordingly, because the Commission has been working "a manifest injustice" on Rogers since December 1, 2000, the only remedy is for the Commission to terminate Rogers' Parole together with his incarceration, without further delay.

## 2. The Commission knew or should have known that the judgment and sentence orders by the subject United States District Courts lacked subject matter jurisdiction by the Statute that created them - the Judiciary Act of 1789, Statute I, §9.

Here, the Commission must have known that both the California and Colorado United States District Courts were created, just as the courts were for the original 13 colony states, by Public Law at statehood that was granted its authority for the courts' jurisdiction from the "Judiciary Act of 1789, Statute I Section 9. In relevant part Section 9 states:

> "That the district courts shall have...cognizance of all crimes....under the authority of the United States....where no other punishment than whipping.....fine not exceeding One Hundred Dollars, or a term of imprisonment not exceeding six months."

And, pursuant to the Supreme Court in **Fourco Glass v. Transmirra** 353 US 222, 227, when Congress promulgated the Judiciary Code Act of 1940, the jurisdiction of the United States District Courts were not changed.

10.

Furthermore, with the Commission's knowledge that the courts' jurisdiction was limited to the Judiciary Act of 1789, it was obvious that Rogers' 35 year sentence to a federal prison, with its attendant fine of $40,000 far exceeded the jurisdiction of the courts.

In **United States v. Hall** 98 US 343 (1878), a landmark case concerning "Statutory Authorization, which has never been overturned, the Supreme Court mandated:

> "The federal courts possess no jurisdiction over crimes and offenses committed against authority of the United States except what as given to them by the power that created them nor can they be invested with such jurisdiction beyond that power ceded to the United States by the Constitution authorizing Congress to confer - from which it flows that the Congress must first define or recognize it as such and affix a punishment to it and confer jurisdiction upon some court to try the offender."

Here, pursuant to the Constitution's Articles I and IV which confers on Congress the authority to prescribe only three crimes, counterfeiting, piracy, and treason together with Title 18 USC §§5 and 7, limiting the jurisdiction under §3231 for the federal courts to the federal "states" defined by FCrRP Rule 1(b)(9), the Commission knew or should have known that the United States laws which Rogers was alleged to have violated, were not either cognizable nor justiciable in any congressional created United States District Court that now exist in the states of the Union.

Furthermore, the punishment of Rogers with the imposition of an "Authorized Sentence" under 18 USC §3551, the courts would have had to accepted from Rogers a "plea of guilt or nolo contendere" to have been "found guilty" as required by 18 USC §3673. But, the record is clear, Rogers has never plead guilty, in fact maintains his innocence to this day. And, just as clear, the "Act(s) of Congress" to which FCrRP Rule 54(c)refers, do not include the

11.

Title 15, 18 or 26 violations of United States law to which Rogers
is alleged to have violated in California and/or Colorado.

Therefore, because the alleged violations of United States
law for which Rogers was accused of violating were justiciable
only in the "states" defined by FCrRP Rule 1(b)(9), this not
only voided the United States District Courts' "judgment and
commitments", but the Commission's authority over Rogers sentence
too.    Accordingly, the only remedy for the "manifest injustice"
that has occurred, is the immediate termination of the Commission's
pretention of jurisdiction and immediate release from prison.

**3.  Even if the Commission was ignorant as to the trial
and sentencing courts lack of subject matter jurisdiction under
the Judiciary Act of 1789, it knew or should have known that
the Title 15, 18 and 26 statutes for which Rogers was convicted
for the violations having occurred in either California or Colorado,
the Federal Criminal Rules have no provisions for "proceedings"
to adjudicate the alleged crimes.**

The Federal Criminal Rules were codified by Congress as
18 USC §3001 and at which time it authorized the Supreme Court
to promulgate the Rules pursuant to the "Act of June 28, 1940,
codified as 18 USC §3771.  However, the Rules pursuant to Congress'
authorization to the Supreme Court, was to promulgate **them to**
apply only to the federal states therein stated, not to any state
of the Union as can be clearly verified by the FCrRP Rule 54
"ADVISORY COMMITTEE NOTES" 1944 Adoption:

> **"Note to subdivision (a)(1)1.**  The Act of June 28 1940
> (§3771) authorizes the Supreme Court to prescribe the Rules
> of Criminal Procedures for the district courts of the United
> States in respect to proceeding prior to and including
> verdict or finding of guilty or not guilty, **expressly applicable
> to district courts for Alaska, Hawaii (when they were territories),
> Puerto Rico......"**

12.

Thus, with the FCrRP Rule 1(a)(1) providing that "These rules govern the procedure in all criminal proceedings" with Rule 1 (a)(4) is the only provision for "Removed Proceedings" from state courts with the definition of "state" in Rule 1(b)(9) which only "includes District of Columbia, any commonwealth, in a territory or insular possession", corroborating the Rule 54 **"ADVISORY COMMITTEE NOTES"**, with no reference to any state of the United States, the Commission had to have known that the Title 15, 18 and 26 violations for which Rogers was alleged to have violated in California and Colorado, were clearly not justiciable by the subject United States District Courts.

**FOR EXAMPLE - Rule 54(b) Proceedings in relevant part states:**

"These Rules apply to criminal prosecutions (for violations of any Act of Congress) removed to the United States district courts from state courts" - which are defined by Rule 1(b)(9) to exists in the federal states "District of Columbia, any commonwealth, in a territory or insular possession".

Therefore, if one would attempt to match the violations of law to which Rogers is alleged to have violated in California and Colorado, none of the provisions in Rule 54(b) and/or the new Rule 1(a)(4) "Removed Proceedings" apply to support the Commission's authority under its Jurisdiction statute §4210. Accordingly, because none of the Federal Criminal Rules apply to govern Rogers' "criminal proceedings in a United States district court", his conviction and sentence as was determined by the Supreme Court in **Kokkonen id.,** in accord with **Buckly v. Valeo** 424 US 1 (1976) was "of a nonjudicial nature".

13.

**IV.  CONSTITUTIONAL LAW APPLIED**

<u>1.  With a cursory reading of the Constitution, the Commission would have known that the sentence imposed on Rogers violated his constitutional rights to equal protection of law due to the fact that the Constitution makes no provisions to punish for violations of the "interstate commerce" clause of Article I, Section 8, Clause 3 on which the government claimed jurisdiction.</u>

Indeed, the Constitution did not grant Congress any authority to prescribe punishment for any violation of United States law by a citizen of a state of the United States, unless the Constitution specifically so stated it.  For example, when Congress prescribed laws against counterfeiting in Title 18 USC §513, with specificity, clause (5) so designated that the statute was enforceable in a "State" which "includes a State of the United States, the District of Columbia, Puerto Rico, etc."

On the other hand, when Congress invoked the vernacular of the interstate commerce clause, for example in 18 USC §921 for the interstate commerce for the transportation of "FIRE ARMS" "between any place in a State and any place outside of that State", the "term 'State' includes District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States" - conclusively not including any "State of the United States" as the counterfeiting constitutionally prescribed statute does.

This fact of Constitutional Law is also supported by the Supreme Court.  In **Morrison** supra, citing **United States v. Lopez** 514 US @ 596-597 and n 6:

> "The Constitution withholds from Congress a plenary police power....We always have rejected readings of the Commerce clause and the scope of federal power that would permit Congress to exercise a police power." "Noting that the prior "Congresses did not exact nationwide punishment for

14.

criminal conduct under the Commerce Clause."

Therefore, because the Constitution does not authorize Congress to promulgate police powers to criminally enforce laws of the United States in the "States of the United States", even including for alleged violations of the interstate commerce clause (which the government has been predisposed to fraudulently claim that the clause gives them the authority and the courts the jurisdiction for prosecution of alleged securities and mail fraud violations, but clearly does not), when the Commission issued and caused the unconstitutional arrest of Rogers, it was a direct violation of his guaranteed rights to "liberty" pursuant to the Supreme Law of the Land, "International Covenant on Political and Civil Rights Article 9.1.

Accordingly, because the Constitution is specific that Congress only had the power to create police power over "10 miles square" pursuant to the Constitution's Article I, clause 17 and over "Territory and other property under Article IV Section 3 clause 2, as are also defined as the federal states by FCrRP Rule 1(b)(9), by Constitutional Law, the Commission lacked statutorial authority to neither have Rogers arrested and/or nor to maintain his continued incarceration.

2.  **When the Commission, without a complaining party, usurped the power of Congress by prescribing its own non-descript fraud violation together with, acting in the capacity of the prosecutor and federal judge (finder of fact and adjudicator), for an alleged crime that occurred in Texas, it did so without establishing the requisites for either statutorial authority and/or jurisdiction.**

As decided by the Supreme Court in FW/PBS v. Dallas 493 US 215, 231:

15.

US 215, 231:

>"The federal courts are under an independent obligation
>to examine their own jurisdiction and standing is perhaps
>the most important of the jurisdictional doctrine." Quoting
>**Allen v. Wright** 468 US 737, 750.

However, this "most important of jurisdictional doctrine"

has apparently gotten lost pursuant to the quasi-judicial functions

of the Commission.  In addition to the Commission's authority

over Rogers being rendered void pursuant to Title 18 USC §5 and

§7 limiting its authority only over parolees whose sentences

have originated in the federal states and violations applicable

as designated by FCrRP Rule 54(c), the Commission did not establish

the three criteria for establishing federal jurisdiction as was

mandated in  **Adams v. United States** supra.

To prove jurisdiction pursuant to **Adams**, the Commission

had to document that (1) the property on which the alleged fraud

in Texas occurred was owned by the United States, (2) that the

relevant state legislature surrendered jurisdiction over the

geographical area on which the alleged fraud occurred, and (3)

document that the United States accepted the jurisdiction pursuant

to Title 40 USC §255.

Therefore, because the record is void of the Commission

proving its jurisdiction after Rogers challenge and document

the violation occurred on federal property as required by Adams,

it not only lacked statutory authority to continue to administer

**Rogers** parole, because it even lacked the jurisdiction to try

Rogers for a new crime of fraud, it superceded every authority

granted to it by Congress.  Accordingly, the remedy to correct

the Commission's unconstitutional actions, is termination of

Rogers' parole status and immediate release from prison.

16.

## V.  CONCLUSION

**WHEREFORE,** there simply exists no legal excuse for the Commission
not to know and/or ignore the limitations of its authroity pursuant
to the controlling statutes of Title 18 USC §§5 and 7.  Unquestionably
the Commission's statutorial authority for jurisdiction under
its §4210 pursuant to §§5 and 7 is limited to administering parole
conditions on sentences that have originated in the federal states
as defined by FCrRP Rule 1(b)(9).

And, the pejorative is, to keep the Commission operating
with its repealed statutes, extended for over 18 years, it has
obviously defrauded Congress with representations of having a
great number more parolees over which its legal authority commands.

The apparent attitude of the officers of the Commission
is that they have gotten away with the fraud they have worked
against Congress, to date, why should we let Rogers stop or interfere
with our scam now?  For one reason, what the employees of the
Commission are doing is clearly in violation of the law.  For
another, if this matter is not settled according to law within
the Commission, Rogers will have no alternative to proceed to
set a judicial precedent that will ultimately expose the government's
unlawful Multi-Billion Dollar forfeiture business.

In **Walz v. Tax Commission of New York** 493 US 343, the Supreme
Court made it abundantly clear:

> "It is obviously correct that no one acquires a vested
> or protected right in violation of the Constitution by
> long use, even when that span of time covers our entire
> National existence and even predates it."

Therefore, because of the Commission's gross abuse of discretion
resulting violations of the Constitution, laws and treaties of
the United States, accordingly the sole remedy is to terminate

Rogers' parole conditions and effect his immediate release from prison.

**GROUND TWO**

**The Commission's May 25, 2006 Hearing violated the due process standards established by the Supreme Court in Morrissey v. Brewer 33 L Ed 2d 484, 499.**

**I.  Facts**

1.  With no more than an 18 hour notice, the Commission after a 6 month delay, ambushed Rogers with a hearing.

2.  Without prior notice, the Commission hearing officer, Pat Denton, advised Rogers that the Commission sua sponte, dismissed the exculpatory witness for his defense.

3.  Instead of producing the exculpatory witnesses, 3 of them being officers of the government, FBI Agent Joseph Quinn, Securities and Exchange Commission counsel Jeffrey Norris and Daniel Nathan of the Commodities Future Trading Commission, the Commission engaged in a cover-up with the dismissal of those witnesses - those 3 witnesses were all involved with causing the $5,000,000 loss incurred by Rogers Premium Income Corp for which Rogers has now been sentenced to 10 years in prison.

4.  The two witnesses chosen by the Commission for their prosecution of Rogers, provided no physical evidence and worse, their entire testimony was all based on second hand and sometime third hand hearsay statements.

5.  As evidenced by the Commission's Parole Officer, Michael Banks of Seattle, his memo to this Commission prodding it to hurry up with the issuance of an arrest warrant shows that he was also involved in being instrumental in causing the $5,000,000 loss for which Rogers is now sentenced.

18.

## II.  DUE PROCESS LAW

### 1. The Commission's dismissal of the exculpatory witnesses rises to the level of opprobrium that it amounts to being criminal.

Pursuant to **Morrissey**, id., @ 499, Rogers had "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). Here, the parole hearing officer Pat Denton, did nothing more than announce that the Commission decided that Rogers did not need those exculpatory witnesses to testify.  With specificity, the hearing officer made no other excuses/to show any kind of "good cause" for the witnesses not appearing - let alone a true confrontation of the prosecution's hand picked witnesses - even with the Commission's witness from the state of Texas was lying through her teeth.

Furthermore, the Commission's capricious dismissal to cover-up for the exculpatory witnesses' actions to cause the huge loss, clearly a due process violation, the Commission's acts of corruption as defined by the Inter-American Convention Against Corruption Article IV, they also violated Rogers guaranteed rights under the Supreme Law of the Land "International Covenant on Political and Civil Rights Article 14 - which provides -

> "1 .....In determination of any criminal charge against him.... everyone shall be entitled to a fair and public hearing by a competent,  independent and impartial tribunal established by law.....
>
> 3,...entitled to the following minimum guarantees, in full equality;...
>
> (e)  To examine or have examined the witnesses against him and to obtain the attendance and examination of witnesses on his behalf under the **same conditins** as witnesses against him."

First, with the Commission being the complaining party - not a client - and the hearing officer being both the prosecutor

19.

judge (trier of facts - tribunal or however the Commission determines that party to be), Ms. Denton, by the farthest fetch of one's imagination, was neither "independent" nor "impartial".

Secondly, when the Commission, _sua sponte_, dismissed the exculpatory witnesses, a pathetic attempt to cover-up for its colleagues in government, its violation of the Covenant's Article 14.3(e) **same condition** clause was a direct violation of Rogers' guaranteed civil rights under the Covenant and the mandate in **Morrissey id.,** requirement that however informal that parole hearings **are** conducted, they must still adhere to "due process".

Therefore, if a honest hearing had been conducted with the presence of the exculpatory witnesses - even though they most likely would have lied - the physical evidence which they know exists would have caused a different conclusion than Rogers intentionally caused the fraud to which he is now sentenced to a term of 10 years.

Accordingly, due to the Commission's own misconduct, the parole conditions must be terminated and Rogers release from prison should be effected immediately.

### DECLARATION OF GERALD L. ROGERS

I swear under the penalty of perjury that the facts that are stated herein are true and correct. Done on this 21st day of May, 2006 in the City of Anthony NM/TX.

Declarant Gerald L. Rogers

## III. CONCLUSION

WHEREFORE, whether the Commission's Title 18 USC §4201 et. seq., applicable and enforceable against the petitioner, the repealed federal statute, National Prohibition (Alcohol) Act puts the nail in the Commission's coffin. For the government to have enforced that federal Prohibition statute in any of the 48 States, it was required that the States of the Union ratify the **18th Amendment of the United States Constitution.**

Here, the Commission's legal position is no different. The States of the United States have not only not ratified a requisite amendment to the Constitution, but no State is of record surrendering authority nor jurisdiction to the Commission over the petitioner. Pure and simple, the Commission's abuse of process, whether intentional or not, constitutes a devolution of the Constitution and its controlling laws which borders on a "Seditious Conspiracy" as defined by title 18 USC §2384 - and must be terminated.

## III. VERIFICATION

I swear under the penalty of perjury that the facts stated and law presented are true and correct. Done in the city of Anthony New Mexico on this 13th day of July , 2006.

Respectfully submitted by

Declarant, Gerald L. Rogers
FCI LaTuna 12327-086
P.O. Box 3000
Anthony NM/TX 88021