FIRST CONGRESS. Sess. I. Ch. 20. 1789. 73

CHAP. XX.—*An Act to establish the Judicial Courts of the United States.*(a)

STATUTE I.
Sept. 24, 1789.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the supreme court of the United States shall consist of a chief justice and five associate justices,(b) any four of whom shall be a quorum, and shall hold annually at the seat of government two sessions, the one commencing the first Monday of February, and the other the first Monday of August. That the associate justices shall have precedence according to the date of their commissions, or when the commissions of two or more of them bear date on the same day, according to their respective ages.

Supreme court to consist of a chief justice, and five associates.
Two sessions annually.
Precedence.

SEC. 2. *And be it further enacted,* That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District; one to consist of the State of New Hampshire, and to be called New Hampshire District;(c) one to consist of the remaining part of the State of Massachusetts, and to be called Massachusetts district; one to consist of the State of Connecticut, and to be called Connecticut District; one to consist of the State of New York, and to be called New York District; one to consist of the State of New Jersey, and to be called New Jersey District; one to consist of the State of Pennsylvania, and to be called Pennsylvania District; one to consist of the State of Delaware, and to be called Delaware District; one to consist of the State of Maryland, and to be called Maryland District; one to consist of the State of Virginia, except that part called the District of Kentucky, and to be called Virginia District; one to consist of the remaining part of the State of Virginia, and to be called Kentucky District; one to consist of the State of South Carolina, and to be called South Carolina District; and one to consist of the State of Georgia, and to be called Georgia District.

Thirteen districts.
Maine.
N. Hampshire.
Massachusetts.
Connecticut.
New York.
New Jersey.
Pennsylvania.
Delaware.
Maryland.
Virginia.
Kentucky.
South Carolina.
Georgia.

SEC. 3. *And be it further enacted,* That there be a court called a District Court, in each of the afore mentioned districts, to consist of one judge, who shall reside in the district for which he is appointed, and shall be called a District Judge, and shall hold annually four

A district court in each district.

---

District courts' exclusive jurisdiction.

SEC. 9. *And be it further enacted,* That the district courts(c) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the

---

By the act of March 10, 1838, the Justice of the Supreme Court is required to attend but one circuit in the districts of Indiana, Illinois, and Michigan.

By an act passed in 1844, the Justices of the Supreme Court are empowered to hold but one session of the Circuit Court in each district in their several circuits. The Judges of the District Courts hold the other sessions of the Circuit Court in their several districts.

(a) The provisions of law on the subject of the adjournments of the Supreme Court in addition to the 6th section of this act, are, that in case of epidemical disease, the court may be adjourned to some other place than the seat of government. Act of February 25, 1799.

(b) By the 2d section of the act entitled "an act in amendment of the acts respecting the judicial system of the United States," passed February 28, 1839, chap. 36, it is provided "that all the circuit courts of the United States shall have the appointment of their own clerks, and in case of disagreement between the judges, the appointment shall be made by the presiding judge of the court." See ex parte Duncan N. Hennen, 13 Peters, 230.

(c) The further legislation on the subject of the jurisdiction and powers of the District Courts are: the act of June 5, 1794, ch. 50, sec. 6; act of May 10, 1800, chap. 51, sec. 5; act of February 24, 1807, chap. 13; act of February 24, 1807, chap. 16; act of March 3, 1815; act of April 16, 1816, chap. 56, sec. 6; act of April 20, 1818, chap. 103; act of May 15, 1820, chap. 106, sec. 4; act of March 3, 1823, chap. 71.

06 1390

FILED
AUG - 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 1

FIRST CONGRESS. Sess. I. Ch. 20. 1789.     77

high seas; where no other punishment than whipping, not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted; and shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas;(*a*) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States.(*b*) And shall also have cognizance, concurrent with the courts of the several States, or the circuit courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States.(*c*) And shall also have cognizance, concurrent as last mentioned, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars. And shall also have jurisdiction exclusively of the courts of the several States, of all suits against consuls or vice-consuls, except for offences above the description aforesaid.(*d*) And the trial of issues in fact, in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury.

[Acts of June 5, 1794, sect. 6; act of Feb. 13, 1807; act of March 3, 1815, sect. 4.]
Original cognizance in maritime causes and of seizure under the laws of the United States.

Concurrent jurisdiction. — COMMON LAW ONLY

Trial of fact by jury. — JURY

Sec. 10. *And be it further enacted,* That the district court in Kentucky district shall, besides the jurisdiction aforesaid, have jurisdiction of all other causes, except of appeals and writs of error, hereinafter made cognizable in a circuit court, and shall proceed therein in the same

Kentucky district court. [Obsolete.]

---

(*a*) Jurisdiction of the District Courts in cases of admiralty seizures, under laws of impost, navigation and trade. M'Donough v. Danery, 3 Dall. 188; 1 Cond. Rep. 94. The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. Glass et al. v. The Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta, 3 Cranch, 359; 3 Cond. Rep. 425. The Marino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. Jennings v. Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. Penhallow et al. v. Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. United States v. Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. Hudson et al. v. Goestier, 6 Cranch, 281; 2 Cond. Rep. 374. Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322. Slocum v. Maybury, 2 Wheat. 1; 4 Cond. Rep. 1. Galston et al. v. Hoyt, 3 Wheat. 246; 4 Cond. Rep. 244. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, 1 Paine's C. C. R. 620; Bee's D. C. R. 11. De Lovio v. Boit et al., 2 Gallis' C. C. R. 398. The Abby, 1 Mason's Rep. 360. The Little Ann, Paine's C. C. R. 40. Davis v. A New Brig, Gilpin's D. C. R. 473. The Catharine, 1 Adm. Decis. 104.

(*b*) An information against a vessel under the act of Congress of May 22, 1794, on account of an alleged exportation of arms, is a case of admiralty and maritime jurisdiction; and an appeal from the District to the Circuit Court, in such a case is sustainable. It is also a civil cause, and triable without the intervention of a jury, under the 9th section of the judicial act. The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. The Abby, 1 Mason, 360. The Little Ann, Paine's C. C. R. 40.

When the District and State courts have concurrent jurisdiction, the right to maintain the jurisdiction attaches to that tribunal which first exercises it, and obtains possession of the thing. The Robert Fulton, Paine's C. C. R. 620.

(*c*) Burke v. Trevitt, 1 Mason, 96. The courts of the United States have exclusive jurisdiction of all seizures made on land or water, for a breach of the laws of the United States, and any intervention of State authority, which by taking the thing seized out of the hands of the officer of the United States, might obstruct the exercise of this jurisdiction, is unlawful. Slocum v. Maybarry et al., 2 Wheat. 1; 4 Cond. Rep. 1.

(*d*) Davis v. Packard, 6 Peters, 41. As an abstract question, it is difficult to understand on what ground a State court can claim jurisdiction of civil suits against foreign consuls. By the Constitution, the judicial power of the United States extends to all cases affecting ambassadors, other public ministers and consuls; and the judiciary act of 1789 gives to the district courts of the United States, exclusively of the courts of the several States, jurisdiction of all suits against consuls and vice consuls, except for certain offences enumerated in this act. Davis v. Packard, 7 Peters, 276.

If a consul, being sued in a State court, omits to plead his privilege of exemption from the suit, and afterwards, on removing the judgment of the inferior court to a higher court by writ of error, claims the privilege, such an omission is not a waiver of the privilege. If this was to be viewed merely as a personal privilege, there might be grounds for such a conclusion. But it cannot be so considered; it is the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations; and our constitution and law seem to put consuls on the same footing in this respect. *Ibid.*

a 2

EXHIBIT 1
P. 2