ORIGINAL



RECEIVED
SEP 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS, | : Case # 1:06CV1390 |
| Petitioner, | : Judge Emmet G. Sullivan |
| v. | : |
| UNITED STATES PAROLE COMMISSION, | : |
| Respondent. | : |

## MOTION FOR RESPONDENT TO SHOW CAUSE WHY IT DOES NOT LACK STATUTORIAL AUTHORITY TO ENFORCE PAROLE CONDITIONS.

COMES NOW, the petitioner Gerald L. Rogers in <u>pro se</u> and incorporating his section 2241 Petition for Habeas Relief by reference as if fully set forth herein, as filed on August 2, 2006, moves this Honorable Court to order the Respondent to show cause why it does not lack statutorial authority to enforce its parole conditions together with terms of imprisonment on the petitioner for violations of United States law that are not "applicable to and in force" in any state of the United States, (Federal Criminal Rules of Procedures Rule 54(c) "Act of Congress"); based on the following.

In over 1000 hours of research verifying that neither the government, including the Parole Commission, had statutorial authority to enforce the laws of the United States for which the petitioner is convicted, nor the United States District Courts for the District of Colorado and Central District of California had subject matter jurisdiction, this petitioner has evidenced that officers of the courts, together with officers of the Commission have engaged in a "Seditious Conspiracy" as defined by 18 USC §2384 - whether intentional or not. <u>1/</u>

The Seditious Conspiracy has been evidenced when officers of the courts have utilized out-of-context case law ("judicial legislation"), that served to not only render words of controlling jurisdictional statutes "superfluous", but to judicially abrogate entire Sections of Title 18 to make them "inconsistent" with the controlling Federal Criminal Rules of Procedures as promulgated by the Supreme Court specifically for the federal States as defined by Rule 1(b)(9).

Therefore, in view of the evidenced abuse of process, the court must require the Commission's show cause reply to adhere to the Supreme Court's Doctrine of **noscitur a sociis** prescribed in **Platt v. Union Pacific R.** 25 L Ed 424 (1879) and **Gustafason v. Alloyd** 513 US 561. The Court held in **Platt:**

"A legislature is presumed to have used no **superfluous** words."

In **Gustafason,** 575, the Court mandated:

"The Rule we rely upon to avoid ascribing to words a meaning so broad that it is **inconsistent** with its accompanying words, thus giving unintended breadth to the Acts of Congress."

Accordingly, because a "Court should not read words into a statute that are not there" (**Ewal v. Great Atlantic and Pacific Tea** 449 US 414), the court should order the Commission to show cause to ascertain just which authority - if any - on which the Commission has been relying.

1/ **NOTICE TO THE U.S. ATTORNEY/COMMISSION** - To establish intent from this point, the petitioner, as a Son of the American Revolution, has requested that his D.A.R. Sisters observe this proceeding together with others for the purpose of demanding a Special Grand Jury should further evidence of a "Seditious Conspiracy" appear. (Petitioner is a descendant of Colonel John Ross, father-in-law to "Betsy Ross" and brother to George Ross, a signature on the Declaration of Independence.)

Respectfully submitted,

*[signature]*

Gerald L. Rogers, In <u>Pro</u> <u>se</u>
FCI La Tuna 12327-086
P.O. Box 3000
Anthony NM/TX 88021

CERTIFICATE OF SERVICE

I certify that I have placed into the United States mail the foregoing Motion to Show Cause to the United States Parole Commission 5550 Friendship Blvd., Chevy Chase MD 20815 on the 11th day of September, 2006.

Declarant

*[signature]*
Gerald L. Rogers