RECEIVED
JAN 03 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS,           :   Case #06-1390 EGS

    Petitioner,         :

v.                          :

UNITED STATES PAROLE        :
COMMISSION
                            :
    Respondent.
                            :

**REPLY TO COURT'S ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO WESTERN DISTRICT OF TEXAS.**

COMES NOW, the petitioner Gerald L. Rogers, in _pro se_ in reply to the Court's order of December 13, 2006 to the petitioner to Show Cause Why this action Should Not be Transferred to the United States District Court for the Western District of Texas and states as follows.

**1. The United States District Court for the Western District of Texas has the same lack of subject matter jurisdiction as the District Court of Colorado from which the respondent derived its bogus authority.**

The issue before this court is that the respondent's statutorial authority is derived from the "federal statutes" which are enforceable in the United States defined by Title 18 USC §5 "in a territorial sense" as is corroborated by Federal Criminal Rules of Procedures (FCrRP) Rule 54(c), "Act of Congress" which "includes any act of Congress locally applicable to and in force in District of Columbia, Puerto

Rico, in a territory or insular possession" of the United States - also see FCrRP Rule 1(b)(9) defining the federal "states" to which all of Title 18 "United States (in a territorial sense) Code" pertains.

In as much as that this is a civil procedure, Federal Rules of Civil Procedure Rule 81(e) also makes it absolutely clear that when a "statute of the United States" (same effective definition as "federal statute") is to be adjudicated, it is to be done in this "district court of the United States" as promulgated by Congress in the District of Columbia Code, 1940 ed., which Section 11-305 provides:

> "...the District Court of the United States for the District of Columbia shall possess the same powers and exercise the same jurisdiction as the district courts of the United States, and shall be deemed a court of the United States." (See United States Code Service, Lawyers Edition page 152 - 28 USC §88 District of Columbia)

And, in researching through 28 USC Chapter 5 defining the "District Court" and their judicial districts, the only other court promulgated by Congress to be a "district court of the United States" is that of the one located in Puerto Rico. Furthermore, all jurisdiction for Title 18 USC §3001 Rules, which "governs all criminal proceedings in the United States district courts" (lower case "d" and "c"), the name substituted for the <u>district courts of the United States</u> pursuant to the <u>1948 Amendment</u> - see FCivRP Rule 81 notes on page 283, 2006 Edition, is derived specifically from Title 18 USC §3231. <u>1/</u>

However, while the petitioner's **III Jurisdiction Facts** are partially wrong about the United States District Court for the District of Colorado, not being an "Article III", the irrefutable facts are that both the District Courts of Colorado

2.

and Texas derive their jurisdictional authority from the "Judiciary Act of 1789, Statute I §9 for common law suits only - not jurisdiction to adjudicate the federal statutes to which the petitioner claims the respondent and its parent, the Department of Justice violated, <u>over which the court has jurisdiction.</u>

This distinction in the jurisdictional authority can be seen in 18 USC Chapter 110 §§2253(k) and 2255(a). Congress made it abundantly clear that a "criminal forfeiture" jurisdiction is had in a "district court of the United States", but a child victim to sue for common law "damages" the suit can be brought in "any appropriate United States District Court".

Therefore, considering the plain language of §5 limiting all Title 18 United States Code to be in a territorial sense as is corroborated by both FCrRP Rules 1(b)(9) and 54(c), this court unquestionably has jurisdiction over the Department of Justice and its Parole Commission division to grant the declaratory relief sought.

Accordingly, if this court transfers this case to another court which does lacks subject matter jurisdiction, it will be inconsistent with the D.C. Circuit's doctrine of **noscitur a sociis** in **Murphy Exploration v. Dept of Interior** 252 F 3d 481 in accord with the Supreme Court in **Platt v. Union Pacific R. Co.** 25 L Ed 424 (1879) holding that "A legislature is presumed to have used no superfluous words." Here, the court will effectively legislate that Title 18 USC §§5, 3231, and FCrRP Rules 1(b)(9) and 54(c) are all **superfluous.**

<u>**2. Due process and equal protection of law dictates that it is the respondent that should be ordered to "Show Cause Why Title 18 USC §4301 et seq., grants it authority to enforce Parole Conditions on the petitioner, when clearly its authority is limited to the federal "States" as defined by FCrRP Rules 1(b)(9) and 54(c) "Act of Congress".**</u>

As the Supreme Court mandated in <u>**Zadoydas v. Davies**</u> 533 US 678:

> "Freedom from imprisonment, **government custody,** detention, or other forms of physical restraint lies at the heart of the liberty that the due process clause of the Federal Constitution's Fifth Amendment protects; government detention violates that clause unless the detention is ordered in a proceeding with adequate procedural protections...."

Here, the petitioner was convicted in a non-judicial hearing erroneously referred to as a trial, with the court completely ignoring the controlling Criminal Rules which deprived it of jurisdiction and without the petitioner being "found guilty" as required by 18 USC §3673, then incarcerated without an "Authorized Sentence" pursuant to §3551 with Parole Conditions subsequently attached that can only be enforced in the federal states specified by Title 18.

Therefore, it is not question of law as to whether this "district court of the United States" is the correct court to adjudicate violations of United States law perpetrated by the Department of Justice and its division, Parole Commission - over which this court does have jurisdiction - it is a matter as to whether this Judge is a sympathizer with the government's "seditious conspiracy" in the devolution of the Constitution and laws of the United States.

Accordingly, if this court does harbor a conflict, any transfer of this case should be to another Judge within the District of Columbia, not a United States District Court in Texas, which will summarily dismiss it as not having jurisdiction to rule on violations of "federal statutes" or "statutes of the United States" that both the Criminal Code under 18 USC §3231 and Civil Rules under Rule 81(e) irrefutably designate that this "district court of the United States" with its 1948 Amendment name change to the "United States District Court for the District of Columbia" is the correct court.

**WHEREFORE,** as can be seen in the related suit for a Declaratory Relief/Judgment, **Rogers v. United States District Court for the District of Colorado** #1:06CV01010, the court has the same basic problem as the respondent hereto. And, because the Warden of the prison in which this petitioner may be incarcerated had nothing to do with falsely convicting and incarcerating the petitioner, the petitioner is entitled to a judgment against the miscreants that violated the subject laws.

Therefore, may this court proceed with this case as necessary to adjudicate the following relief as sought.

**RELIEF SOUGHT**

**The grounds presented in the petition for habeas relief is for a declaratory judgment adverse to the respondent, not the Warden of any prison the B.O.P. decides to transfer the petitioner.**

However, just as clear, pursuant to FCivRP Rule 81(e) this Court has the only jurisdiction to adjudicate the

a violation of a "statute of the United States" to which this petitioner complains the respondent violated. Therefore, incorporating the petitioner's Petition for Habeas Relief and its attendant Legal Argument as if fully set forth herein by reference, declare the following:

**That because Title 18 USC §5 limits and confines the authority of the respondent Parole Commission as expressed in 18 USC §4301 et seq., to the federal "state(s)" specifically defined in FCrRP Rule 1(b)(9) over violations of "federal statutes" as explained in FCrRP Rule 54(c) "Act of Congress", the respondent has violated the petitioner's Constitutional rights to liberty.**

Done under the penalty of perjury in the city of Anthony New Mexico on this 28th day of December, 2006.

Respectfully submitted,

*[signature]*
Declarant/Petitioner
Gerald L. Rogers
P.O. Box 3000 - 12327-086
Anthony NM/TX 88021

cc: U.S. Parole Commission

    1/ The amendment effective October 1949, substituted the words "United States District Court" for the words "District Court of the United States" in the last sentence of subdivision (a)(1).....The amendment substituted the words "United States district courts" in lieu of "district courts of the United States" in subdivision (a)(4)......

    **COMMENT:** With this Court being the only United States District Court constituted with judicial powers of a "district court of the United States" (District of Columbia Code, supra) and the "district court of United States are referenced in FCrRP Rule 1(a)(1) as United States district courts (lower case d and c), the confusion appears to be by design.