```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                          )
GERALD L. ROGERS,                         )
                                          )
          Petitioner,                     )
                                          )
     v.                                   )     Civil Action No. 06-1390 (EGS)
                                          )
UNITED STATES PAROLE                      )
COMMISSION                                )
                                          )
          Respondent.                     )
_____)

**ORDER**

Petitioner Gerald L. Rogers is an inmate at Latuna Federal Prison in Anthony, Texas. He has filed a habeas corpus petition challenging the revocation of his parole by the United States Parole Commission.

On December 13, 2006, this Court issued an Order to Show Cause directing petitioner to show why this case should not be transferred to the United States District Court for the Western District of Texas. Petitioner responded that because the District Court for the Western District of Texas derives its jurisdictional authority from the Judiciary Act of 1789, it does not have jurisdiction to adjudicate federal statutes. Petitioner also argued that the United States District Court for the District of Columbia is the only district court that has jurisdiction to rule on violations of federal statutes. These arguments are incorrect as a matter of law.

The United States District Court for the Western District of Texas is a properly constituted district court under Article III and federal statutes.  *See* U.S. Const. art. III, § 1 ("The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."); 28 U.S.C. § 124 (dividing Texas into four judicial districts, including the Western District); 28 U.S.C. § 132(a) ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.").

All federal district courts, including the United States District Court for the Western District of Texas, have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the federal habeas statute, however, district courts may only grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).

A district court may issue a writ only if it has jurisdiction over the custodian of the prisoner.  *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004).  The custodian is the warden of the prison where the prisoner is incarcerated, not the United States Parole Commission.  *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir.

1998). Because this Court does not have jurisdiction over the warden of the Latuna Federal Prison in Anthony, Texas, it cannot grant any habeas relief.

In *Chatman-Bey v. Thorburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988), the D.C. Circuit held that the district court may *sua sponte* transfer such cases to the appropriate jurisdiction after the habeas petitioner has been afforded notice and an opportunity to respond. Petitioner has been given the opportunity to respond and has presented no legally cognizable argument for why this case should not be transferred. Accordingly, it is hereby

**ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Texas.


**Signed:    Emmet G. Sullivan**
**United States District Judge**
**January 19, 2007**

<u>Notice to</u>:

Gerald L. Rogers
No. 12327-086
Latuna Federal Prison
P.O. Box 3000
Anthony, TX 88021